Lea, Sp. J.,
delivered the opinion of the court:
The plaintiff commenced this action in the circuit court of Hamilton county, upon a bond executed by Roster Whitesides, and the defendant, on the 25th day of April, 1874. The case was tried without a jury; there was judgment for the defendant, and the plaintiff has appealed to *14 this court. The facts as established by the proof are: that for some time, at least since January, 1873, Foster White-sides had been the ticket agent of the railroad company at Chattanooga; that on the 25th day of April, 1874, the said agent, of whom no bond had been required, had become indebted to said railroad company, who now required a bond of him, and on that day he executed the bond upon which this suit is based, with the defendant as his security. The said Foster Whitesides continued to act as agent for plaintiff until the 31st day of August, 1874. It was his duty to sell tickets and make weekly and monthly reports to the general ticket agent at Nashville, and make weekly remittances of cash from ticket sales. The proof further shows that all the money received from sale of tickets from the 25th day of April, 1874 (the date of the bond), up to the 31st day' of August, following (the date when the agency ceased), was paid by the said agent to the treasurer of the railroad company, but at the request of the agent, a-portion of said fund was applied to the payment of the default of the agent at the time of the execution of the bond. The conditions of the bond were that “the said Foster Whitesides shall well and truly discharge all the duties required of him as such agent, and shall faithfully pay over to said railroad company, or the treasurer thereof, all sums of money received by him as such agent, or which he ought to collect and account for to the company, then this obligation to be void, otherwise, to remain in full force and effect.”
Plaintiff claims that the said agent is indebted to it in the sum of about $1,800. The question presented is: has there been a breach of the conditions of this bond, upon the facts as above stated? The plaintiff relies upon the well-settled general rule in respect to the appropriation of payments — that a debtor owing different debts has the right to apply the payment to either, and if he fails to do so, the creditor may apply it. We do not think this *15 rule applicable to this case. In this case, the agent pays to the railroad company, not his own money, as in case of a debtor, but the money of the company, and with our idea of right and justice, and in view of the good faith and fair dealing to which sureties are entitled, we cannot permit-an agent to pay to the company the money belonging to the company, and with the consent of the agent, and with the knowledge of the company, as we believe, from all the facts in this cause, that it is their own money, and without the knowledge or consent of the surety, to have the same appropriated and applied so as to make the surety liable for a default which occurred before the execution of the bond. It would be bad faith to the surety. The money had been paid over to the company according to the terms of the bond, and as the agent ivas bound to do-, but after it was received by the company, it is then applied to the payment of a previous default of the agent, when, too, the company knew, as we believe, from what source the money -was realized, and that it was tlieir own money, arising from the sale of tickets.
It is a familiar principle that a surety cannot be held liable beyond the undertaking of his bond, and that the contract of the surety, is, in effect, that he is liable only for defaults during the period for which he is bound. The law governing collecting and receiving agents and officers is different from the general rule applicable to' debtor and creditor.
We think the rule stated in American Leading Oases, at page 300, is the more just and equitable: “When a collecting or receiving officer has given bond with different sureties, for successive periods, and becomes a defaulter, payments accruing, due and paid during the period to which the second bond applies, are not, as against the sureties, to be considered as applied in the order of time, so as to relieve the sureties in the first bond at the expense of those -in the second bond, but must be credited to the obli *16 gation for which the second set of sureties are bound, for the contract is that each set is to be liable only for actual defaults during the period for which they are bound; and, however the accounts may be made up and the payments applied between the officer and the principal debtor and government, or creditor, the amount of default for which any set of sureties are to be held responsible, is to be ascertained by the difference between the moneys received and the moneys paid out during the period for which they are sureties.”
Judgment affirmed.